### Charles F. Bryant, Appellant, v. Mabel Palmer, Appellee.

1. BROKERS—*when owner may himself sell property.* Where a broker has not an exclusive right to make a sale of property, the owner may himself sell it, provided this is done before he is informed that the broker has a purchaser ready, able and willing to take the property.

2. BROKERS—*when entitled to commission.* A broker is only entitled to a commission in the event of his finding a purchaser ready, able and willing to take the property on the terms offered.

3. BROKERS—*when no exclusive contract for sale of note.* Where a broker has authority to sell a note knowing that the owner is also negotiating for its sale, he clearly has no exclusive contract for the sale of such note.

Appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 11, 1912.

HERRICK & HERRICK and INGHAM & INGHAM, for appellant.

ROLOFSON & WESTERVELT and WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Charles F. Bryant brought suit in attachment against Mabel Palmer to recover $700 claimed to be due plaintiff for commissions. The defendant appeared and filed the general issue. Thereafter the suit proceeded as in ordinary *assumpsit*. A jury having been waived, the cause was tried by the court, and a judgment entered against the plaintiff, who appeals.

The record shows that appellee formerly lived in Clinton, Illinois, but at the time the suit was brought was residing in Wenatchee, Washington, and that she owned a note for $14,500, due March 1, 1914, executed by Mathias D. Brown, secured by a first mortgage given for purchase money on a DeWitt county farm. Appellee being in need of money had been trying to sell the note and mortgage and had advertised it for sale since May 1910. On June 11, 1910, having been unable to sell the note on satisfactory terms, she through her attorney and cousin, E. B. Mitchell, negotiated a loan at the DeWitt County National Bank for $7,586.77, and gave her note therefor bearing seven per cent. interest . . . . pledged the $14,500 note and mortgage as collate . . . rity for the loan.

Appellee continued he . . . . 's to sell the note, and urged her attorney to get one to buy the note or get a broker to sell it. lant, a real estate and loan broker, knew the n . . s for sale from about May, 1910. In July, 1910, lee wrote to her attorney to see the maker of . . te and find out what he would do towards pay . . n March 1, 1911. In September, 1910, she wro . pellant reminding him that the note was still on . . ket but he did not answer her letter. The mak . e note, Brown, agreed with Mitchell to take up t. . March 1, 1911, upon the allowance of a discou . $700. Brown saw the cashier of the DeWitt C . Bank relative to rais-

ing the money to pay the note and the cashier of the bank sent Brown to appellant to make the loan. On March 16th appellant called at the bank, told the cashier he was making the loan for Brown, and got from the cashier the abstract of the farm on which the mortgage was that secured the note. Brown also testified that appellant promised to furnish him the money to take up the loan on a new mortgage. On March 17th Mitchell notified appellee that Brown had failed to get the money and that appellant had good prospects of getting the money within fifteen days and asking if she would allow appellant the $700 discount the same as she had offered Brown. On March 18th, appellant answered the letter from her attorney by a night message saying, "Yes, but must pay Snell interest for balance of time." On March 21st, appellant notified the attorney for appellee that he had sold the note and mortgage to the Franklin Insurance Company, "provided the farm will bear inspection by the company's representative and the title pass." On the same day appellee received a letter from Brown notifying her that he was ready to take up the note, enclosing a release of the mortgage and requesting that the release be executed and returned to the Snell bank, where the note was paid by Brown on March 28th. On March 27th, the attorney of the Franklin Insurance Company reported that there were some objections to the title. The company's representative examined the farm on March 24th, but made no report of the result of his examination until after the note had been taken up by Brown.

It is clear that appellant had no exclusive contract for the sale of the note. The appellee had the right to sell it at any time to any person with whom appellant was not negotiating. Where a broker has not an exclusive right to make a sale of property, the owner may himself sell it. A broker is only entitled to a com-

mission in the event of his finding a purchaser ready, able and willing to take the property on the terms offered. Where different brokers have property for sale, and none of them has an exclusive right to make a sale, the broker who first finds a purchaser ready, able and willing to buy and is the procuring cause of the sale, is the one entitled to a commission. (4 Am. & Eng. Ency. of Law, 983.) The evidence does not show that appellant ever did furnish a purchaser, able, ready and willing to take the note and mortgage on the terms offered. The terms offered by appellee were a discount of $700 and to ''pay interest due Snell for balance of time.'' The declaration does not aver, and the evidence does not show that the title to the land was not a good merchantable title, but it does appear that the purchaser with whom appellant was negotiating objected to the title and was not willing to take it, and that appellant's prospective purchaser was not satisfied with the security until after Brown had taken up the note. Appellee had not given an exclusive contract to appellant. She had the right to sell the note and mortgage to any person not a customer of appellant when an offer was made, provided the sale was made before she was informed that appellant had a purchaser ready, able and willing to take the securities on the terms offered. Appellant has no legal claim against appellee for the reason he was not able to find a purchaser able, ready and willing to buy the securities before Brown paid off the note, and he had no assurance that he ever would find such a purchaser on appellee's terms.

The appellant tendered three propositions of law and fact which the court refused. The first two were properly refused because they omitted an essential element of fact shown by the evidence to have been in appellee's night letter. The third was concerning a recovery on a *quantum meruit,* which was not involved in the case.

The appellee also tendered propositions of law and fact which the court marked held. The first was improperly held to be the law in that it required appellant to prove he held an exclusive contract for a fixed period of time before he could recover. This was erroneous but it was harmless under the evidence in the case. There was no error in the others.

The judgment is affirmed.

*Affirmed.*